J.B. and J.W.B., individually and on behalf of their minor child, S.B. and E.B. and M.B. individually, Plaintiffs–Appellants,

v.

### SACRED HEART HOSPITAL OF PENSACOLA, Defendant–Appellee.

No. 92–2053.

United States Court of Appeals, Eleventh Circuit.

July 28, 1994.

Ballay & Braud, Cynthia Davidson, Charles J. Ballay and Adrian A. Colon, Jr., Belle Chasse, LA, for appellants.

Emmanuel, Sheppard & Condon, A.G. Condon, Jr. and Karen O. Emmanuel, Pensacola, FL, for appellee.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT *, Senior Circuit Judge.

---

* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-
tion.

PER CURIAM:

Following oral argument, we certified the following two questions to the Supreme Court of Florida:

1. DOES A COMPLAINT WHICH ALLEGES INJURIES TO THE BROTHER OF A HOSPITAL PATIENT ALLEGEDLY ARISING OUT OF THE DEFENDANT HOSPITAL'S FAILURE TO WARN THE PLAINTIFF BROTHER OF THE PATIENT'S INFECTIOUS DISEASE, FAILURE TO PROPERLY INSTRUCT THE PLAINTIFF REGARDING TRANSPORTATION OF THE PATIENT, AND NEGLIGENTLY USING THE NON–PATIENT BROTHER AS A TRANSPORTER FOR THE PATIENT FALL WITHIN FLA. STAT. § 95.11(4)(b), THE TWO–YEAR STATUTE OF LIMITATIONS FOR MEDICAL MALPRACTICE ACTIONS?

2. DOES CHAPTER 766 OF THE FLORIDA STATUTES APPLY TO SUCH A CAUSE OF ACTION?

*J.B. v. Sacred Heart Hosp.*, 996 F.2d 276, 278 (11th Cir.1993). Our earlier opinion contains a statement of the relevant facts and proceedings, which need not be repeated here.

The Florida Supreme Court has now answered both questions in the negative. *J.B. v. Sacred Heart Hosp.*, 635 So.2d 945 (Fla. 1994). In light of the Florida Supreme Court's opinion, we REVERSE the district court's order granting Appellee's motion to dismiss Appellant's complaint, and REMAND for further proceedings in accordance with Florida law.